IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,           }
                                    }
            Plaintiff,              }
                                    }
      v.                            }      No.  12-20139-CM
                                    }
ROBERT DOBBERTIN,                   }
                                    }
            Defendant.              }

FILED IN OPEN COURT
4/15/2013
TIMOTHY M. O'BRIEN, CLERK
BY _____
DEPUTY CLERK

## PLEA AGREEMENT

The United States of America, by and through Assistant United States Attorney, Christine

E. Kenney, and Robert Dobbertin,  the defendant, personally and by and through defendant's

counsel, Kirk Redmond, hereby enter into the following plea agreement pursuant to Rule 11 of

the Federal Rules of Criminal Procedure:

1.     **Defendant's Guilty Plea.**     The defendant agrees to plead guilty to Count 1 of

the Indictment charging a violation of Title 18, United States Code, § 2422(b), that is,

Enticement of a Minor.  By entering into this plea agreement, the defendant admits to knowingly

committing this offense, and to being guilty of this offense.  The defendant understands that the

maximum sentence which may be imposed as to Count 1 of the Indictment to which the

defendant has agreed to plead guilty is not less than 10 years and not more than life

imprisonment, a $250,000 fine, not less than 5 years of supervised release and not more than life,

restitution, forfeiture and a $100 mandatory special assessment.  The United States agrees that at

the time of sentencing it will move for dismissal of the remaining count(s) of the Indictment.

**2.**     **Factual Basis for the Guilty Plea.**     The parties agree the facts constituting the

offense to which the defendant is pleading guilty are as follows:

> In October 2008, a woman discovered that her 12 year old daughter, S.W., was involved
> in an on-line relationship with an adult male, later identified as the defendant, Robert
> Dobbertin. S.W. was located in Orange County, California, and the defendant was
> located in Kansas City, Kansas. In March 2009, the woman discovered that the defendant
> had continued the on-line relationship with S.W., including instant messages that were
> sexually explicit. The defendant convinced S.W. to send him photos via the internet.
>
> S.W. told investigators that she had been talking to a person she knew as Robert
> Dobbertin, age 36, who worked at a college, was married and had a 4 year old daughter.
> S.W. said she met Dobbertin through a website called, "Teenspot.com." S.W. said her
> personal page reflected that she was 13 years old. S.W. said that she and Dobbertin
> would talk sexually to one another over the phone and engage in masterbation. S.W. and
> Dobbertin exchanged photographs, and some of the pictures S.W. sent were of her naked.
> Dobbertin sent a picture of his erect penis to S.W.
>
> In May 2009, investigators executed a search warrant at the defendant's residence in
> Kansas City, Kansas, and seized items including the defendant's computer. During the
> forensic examination of the defendant's computer, investigators discovered seven videos
> that contained sexually explicit images of minors. Investigators also discovered two
> Yahoo! Messenger chats between the defendant and S.W., where the defendant discussed
> plans to travel to California to visit S.W., and where the defendant expressed a desire to
> engage in sex with S.W.
>
> The defendant was interviewed and admitted to communicating with S.W. via the internet
> and telephone. The defendant admitted that he requested and received naked photographs
> of S.W., and that he requested S.W. to perform sexual acts upon herself. The defendant
> admitted that he sent to S.W. a webcam video of himself masturbating, and a digital
> picture of his naked penis.

**3.**     **Application of the Sentencing Guidelines.**     The parties request that the United

States Sentencing Guidelines (Guidelines) be applied by the Court to calculate the applicable

sentence in this case and that a sentence consistent with the Guidelines be imposed by the Court.

The defendant further waives any right to have facts that determine the offense level under the

Guidelines alleged in an indictment and found by a jury beyond a reasonable doubt; agrees that

facts that determine the offense level will be found by the Court at sentencing by a preponderance of the evidence and agrees that the Court  may consider any reliable evidence, including hearsay; and the defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The defendant retains the right to request a sentence below the advisory guidelines range, understanding that he cannot request a sentence below the statutory minimum of 10 years imprisonment. The parties understand this agreement binds the parties only and does not bind the Court.

4.      **Relevant Conduct.**      The parties have agreed to the application of the Guidelines and therefore both the United States and the defendant understand that the conduct charged in any dismissed counts of the Indictment will be considered as well as all other uncharged related criminal activity as relevant conduct for purposes of calculating the offense level for Count 1, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

5.      **Government's Agreements.**      In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

> a.      To not file any additional charges against the defendant arising out of the facts forming the basis for the present Indictment;

> b.      To recommend a sentence at the statutory minimum of 10 years imprisonment, assuming that the defendant falls within Criminal History Category I;

> c.      To recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility.  In addition, if the defendant's offense level is 16 or greater, the United States will move at the time of sentencing for the defendant to receive an additional one (1) level reduction for acceptance of responsibility because the defendant timely notified the government of his intention to enter a plea of guilty.

3

The government's obligation concerning its agreements listed in ¶ 5 are contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct that the court determines to be true, willfully obstructs or impedes the administration of justice as defined in U.S.S.G. § 3C1.1 (or willfully attempts to do so), or engages in additional criminal conduct, the United States reserves the right to request a hearing to determine if the defendant has breached this agreement.

In the event the Court finds the defendant has breached this plea agreement or otherwise failed to adhere to its terms, the United States shall not be bound by this paragraph and may pursue any additional charges arising from the criminal activity under investigation as well as any perjury, false statement, or obstruction of justice charges which may have occurred. The defendant understands and agrees that in the event the defendant violates this plea agreement, all statements made by the defendant subsequent to the execution of this plea agreement, any testimony given by defendant before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against the defendant in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements made by the defendant subsequent to this plea agreement.

**6.** **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The

4

United States cannot and has not made any promise or representation as to what sentence the defendant will receive.

      7.    **Information Provided by Defendant.**    The United States agrees not to use new information the defendant provides about the defendant's own criminal conduct except as specifically authorized by U.S.S.G. § 1B1.8.  As such, this information may be revealed to the Court but may not be used against the defendant in determining the defendant's applicable guideline range or departing above his guideline range.  Defendant understands and agrees, however, that under U.S.S.G. § 1B1.8, there shall be no such restrictions on the use of the information:  (1) previously known to the United States; (2) revealed to the United States by, or discoverable through, an independent source; (3) in a prosecution for perjury or giving a false statement; (4) in the event there is a breach of this agreement; or (5) in determining whether and to what extent a downward departure as a result of a government motion pursuant to Title 18, U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 is warranted.

      8.    **Identification of Assets & Agreement Concerning Monetary Penalties**:

The defendant agrees to cooperate fully with the United States Attorneys Office and specifically:

A) Provide a financial statement on a form approved by the USAO that discloses all assets in which defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party, as well as any transfer of assets that has taken place within 3 years preceding the entry of this plea agreement.

B) Submit to an examination, which may be taken under oath and may include a polygraph examination.

5

C) Acknowledges that any waivers, consents, or releases signed by the defendant for purposes of the Presentence Investigation Report extends to the USAO.

D) Will not encumber, transfer, or dispose of any monies, property or assets under his/her custody or control, without written approval from the USAO.

E) The defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

F) The defendant authorizes the U.S. District Court to release the funds posted as security for his/her appearance bond in this case to be applied to satisfy the financial obligations of the defendant, pursuant to the judgment of the Court.

G) The defendant waives any requirement for demand of payment on any fine, restitution, or assessment the District Court announces on the record the day of sentencing.

**9.**     **Withdrawal of Plea Not Permitted.**     The defendant understands that if the court accepts this plea agreement but imposes a sentence with which the defendant does not agree, the defendant will not be permitted to withdraw this plea of guilty.

6

**10.** **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against the defendant at the time of sentencing. The defendant agrees to deliver payment to the clerk of the court in the appropriate amount no later than the day of plea. If the defendant fails to make full payment of the special assessment the United States will no longer be bound by the provisions contained in Section 5(b) of this agreement. The burden of establishing an inability to pay the required special assessment lies with the defendant.

**11.** **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as

7

authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).  Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

> **12.    FOIA and Privacy Act Waiver.**    The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C. § 552 and  the defendant waives any rights conferred under the Privacy Act of 1974, Title 5, U.S.C. § 552a to prevent or object to the disclosure of records or materials pertaining to this case.

> **14.    Full Disclosure by United States.**    The defendant understands the United States will provide to the court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case.  This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities.  The defendant understands these disclosures are not limited to the count to which the defendant has pled guilty.  The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement.  The defendant also has the right to provide information concerning the offense and to make recommendations to the court and the United States Probation Office.

**15.** **Forfeiture of Assets.** The defendant agrees not to contest the criminal forfeiture outlined in the Indictment, and in so doing, defendant forfeits all right, title and interest in the property listed in this paragraph. The defendant acknowledges that the following personal property was used or intended to be used to commit or to promote the commission of Count 2, and therefore is subject to forfeiture to the United States pursuant to 18 U.S.C. 2253:

a) eMachine W3410, Serial No. CRX5730008657; and

b) Seagate, MDL: ST3100011A 100GB Internal hard disk drive, Serial No. 5LH03Y2G.

The defendant knowingly and voluntarily waives his right to a jury trial regarding forfeiture, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of the property listed herein. The defendant acknowledges and agrees that the forfeiture of this property shall not be deemed an alteration of defendant's sentence or this agreement and shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture. Additionally, defendant agrees to the immediate entry of the preliminary order of forfeiture, and agrees to sign any and all documents necessary to effectuate the forfeiture and transfer of his interest and possession of the property identified in this paragraph to the United States prior to the imposition of sentence.

**16.** **Megan's Law/Adam Walsh Act Notice.** The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the

defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

17. **Parties to the Agreement.** The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

18. **No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that he has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.

10

Date: 4-11-2013

Christine E. Kenney
Assistant U.S. Attorney
444 S.E. Quincy, Suite 290
(785) 295-2850
Ks.S.Ct. #13542

#17222

Date: 4\11\13

Gregory G. Hough
Criminal Chief/Supervisor

Date: 4-15-13

Robert Dobbertin
Defendant

Date: 4-15-13

Kirk Redmond
Attorney for Defendant Dobbertin
Federal Public Defender's Office
500 State Avenue, Suite 201
Kansas City, KS  66101
(913) 551-6712
Ks.S.Ct.#18914